Gurkirn Hundal
PO Box 12
New York, New York, 10014
Email Address: flawlesswellness10@gmail.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

GURKIRN HUNDAL,

        Plaintiff(s)

vs.

BURGER KING COMPANY LLC; DOE 1; DOE 2,

        Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

**COMPLAINT FOR DAMAGES**
  1.  **VIOLATION TITLE II of the Civil Rights Act of 1964**
      **42 U.S.C. § 2000a(b)(2)**
  2.  **VIOLATION 42 U.S. CODE § 2000a – 2a PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHMENT FOR EXERCISING RIGHTS AND PRIVILEGES SECURED BY SECTION 2000a**
  3.  **VIOLATION 42 U.S. CODE § 2000a – 2b PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHMENT FOR EXERCISING RIGHTS AND PRIVILEGES SECURED BY SECTION 2000a**
  4.  **VIOLATION 42 U.S. CODE § 2000a – 2c PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHMENT FOR EXERCISING RIGHTS AND PRIVILEGES SECURED BY SECTION 2000a**

**JURY TRIAL DEMANDED: YES**

2024 JUL 26 PM 2:10
SDNY PRO SE OFFICE
RECEIVED

## I.    JURISDICTION

1.        Under 28 U.S.C. § 1331, a case arising under the United States Constitution and Laws of the United States.  Federal question jurisdiction arises pursuant to 42 U.S. Code § 2000a(b)(2); 42 U.S. Code § 2000a – 2a; 42 U.S. Code § 2000a – 2b; 42 U.S. Code § 2000a – 2c.

2.        Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount of controversy is more than $75,000, is a diversity case.

3.        The basis for a Federal-Court Jurisdiction in Plaintiff case is Diversity of Citizenship.

4.        The Plaintiff, Gurkirn Hundal, is a citizen of the State of New York.

5.        The Defendant Burger King Company LLC, is incorporated under the laws of the State of California and has its principal place of business in the State of California.

6.        Defendant DOE 1 and Defendant DOE 2, are citizens of the State of California.

## II.    VENUE.

7.        Venue is proper pursuant to 28 U.S.C. § 1332(a)(1).  Plaintiff Gurkirn Hundal is a citizen of the State of New York.  Defendants Burger King Company LLC, DOE 1 and DOE 2 are citizen and incorporations of the State of California.

## III.    PARTIES

8.        Plaintiff Gurkirn Hundal is an adult qualified to bring suit on her own behalf.  Plaintiff Gurkirn Hundal is a citizen of New York.  Plaintiff Gurkirn Hundal is Indian in a protected minority class and the color of her skin.

9.        Defendant Burger King Company LLC, is sued in their official capacity.  Defendant Burger King Company LLC, principal business address 5707 Blue Lagoon Drive, Miami, Florida, 33126, conducting business at address 1501 W 6th Street, Los Angeles, California, 90017.

10.       Defendant DOE 1 is sued in her individual capacity.  Defendant DOE 1 is an employee of Defendant Burger King Company LLC at address 1501 W 6th Street, Los Angeles, California, 90017.

11.       Defendant DOE 2 is sued in her individual capacity.  Defendant DOE 2 is an employee of Defendant Burger King Company LLC at address 1501 W 6th Street, Los Angeles, California, 90017.

## IV.    STATEMENT OF FACTS

12.         Defendant Burger King Company LLC have a business and/or partnership relationship with Los Angeles Police Department and Los Angeles Police Department Police Officers.  For example, Defendant Burger King Company LLC donated proceeds from their restaurants to Los Angeles Police.  This business and/or partnership relationship between Defendant Burger King Company LLC and the Los Angeles Police Department ("LAPD") was used and negatively affected Plaintiff when Los Angeles Police Department, Sergent I, David E. Rich, negatively interacted with Plaintiff which was initiated after LAPD Officer responded to Defendant Burger King Company LLC, employee Defendant DOE 2 demand for Police services.

13.         Defendant Burger King Company LLC operate, manage and conduct business of a public accommodation restaurant that goes by the name Burger King.  This Burger King restaurant sells food, beverages and services for customers.  All persons in the United States regardless of race and color are covered in Section 2000a which applies to customers at public accommodation restaurants.

14.         Plaintiff Gurkirn Hundal is Indian who is in a protected minority class.  Plaintiff Gurkirn Hundal has Indian characteristics and look.  Plaintiff is a customer of Defendant Burger King Company LLC, on the premises.

15.         Defendant Burger King Company LLC, employee Defendant DOE 1 is a Latinx female.

16.         Defendant Burger King Company LLC, employee Defendant DOE 2 is a Latinx female.

17.         Los Angeles Police Department ("LAPD"), Sergent I, David E. Rich is a Caucasian male.

18.         On September 26, 2022, Plaintiff Gurkirn Hundal and Cecil Elmore Jr were customers at address 1501 W 6th Street, Los Angeles, California, 90017.  Defendant Burger King Company LLC own and operate the business Burger King restaurant at address 1501 W 6th Street, Los Angeles, California, 90017.  Defendant Burger King Company LLC did not have State of California Licensed security guard on the premises.  Defendant Burger King Company LLC employees who were in uniform and on duty are predominantly Latinx.  During Plaintiff and Cecil Elmore Jr experience as a customer on this day, Defendant Burger King Company LLC, Latinx employees Defendant DOE 1 and Defendant DOE 2 intentionally, maliciously, with hatred unlawfully discriminated against Plaintiff for being Indian and the color of her skin in a protected minority class while denying Plaintiff of goods and services from this Burger King restaurant.  Defendant Burger King Company LLC, employees Defendants DOE

1 and DOE 2 violated the full enjoyment of rights and privileges secured in Section 2000a. Plaintiff Gurkirn Hundal ordered menu food items from this Burger King restaurant but were denied goods and services because of Plaintiff being Indian and the color of her skin. An image of Defendant Burger King Company LLC, employees Defendants DOE 1 denying Plaintiff Gurkirn Hundal public accommodation at this Burger King restaurant because of Plaintiff being Indian and the color of her skin. The Defendant Burger King Company LLC, employee Defendant DOE 1 directly, intentionally, maliciously harassed Plaintiff with racial discriminatory slurs such as calling Plaintiff "you ghetto niggers" "I'm not serving you dark skin people" and throwing a Burger King restaurant receipt at Plaintiff while at the drive-thru window.

19.     Defendant Burger King Company LLC, employee Defendant DOE 1 assaulted Plaintiff, Defendant DOE 1 directly, intentionally, maliciously threw a Burger King restaurant receipt with the intent to harm Plaintiff. Defendant DOE 1 throwing a Burger King restaurant receipt at Plaintiff was a Criminal Violation of California Penal Code § 240 – Assault. Defendant DOE 1 willfully did an act of assault to Plaintiff with the intent that it could result directly in the application of force to Plaintiff.

20.     Defendant DOE 1 and Defendant DOE 2 conspired to cause harm to Plaintiff as they continuously cooperatively denied Plaintiff public accommodation of goods and services because of her Indian race. Defendant DOE 1 and Defendant DOE 2 collectively unlawfully conspired to cause more injury and to have Defendant DOE 2 contact and make a Los Angeles Police Department ("LAPD") report to Sergent I, David E. Rich. Defendant DOE 1 and Defendant DOE 2 contacted this Los Angeles Police Department ("LAPD") Sergent I, with malice, hatred, bias, prejudice on the basis of Plaintiff Indian race with the intent to cause additional harm.

21.     The dictionary definition for the vocabulary word "ghetto" meaning a poor urban area occupied primarily by a minority group or groups. Plaintiff is an Indian race and the color of her skin is darker complexion.

22.     The Wikipedia definition for the word "nigger" is a racial slur directed at black people. The Merriam-Webster online dictionary describes the term "nigger" as "perhaps the most offensive and inflammatory racial slur in English language."

23.     Defendant Burger King Company LLC, employee Defendant DOE 1 directly, intentionally, maliciously denying Plaintiff Gurkirn Hundal public accommodation at Defendant Burger King Company fast food restaurant, as this employee Defendant DOE 1 starred at Plaintiff after denying and refusing Plaintiff public accommodation. These Defendants Burger King Company LLC; DOE 1 and DOE 2 contacted Los Angeles Police

Department ("LAPD"), Sergent I, David E. Rich, Defendant Burger King Company LLC, employee Defendant DOE 2 stated, Plaintiff committed unlawful acts and trespassing at this Burger King restaurant. Defendant DOE 2 statements were false, untrue, slander, defamatory statements against Plaintiff who was a customer. The Los Angeles Police Department ("LAPD") Sergent caused intentional harm to Plaintiff from the result of Defendants Burger King Company LLC; DOE 1 and Defendant DOE 2. Defendant Burger King Company LLC, employee Defendant DOE 1 and Defendant DOE 2 intent are to deprive Plaintiff of rights and privileges secured in Section 2000a. Los Angeles Police Department ("LAPD") Sergent I, David E. Rich has a bias and prejudice against Plaintiff because of the defamatory statements that were stated by Defendant DOE 2. Los Angeles Police Department ("LAPD"), Sergent 1, David E. Rich, did not and would not provide Plaintiff Gurkirn Hundal and Cecil Elmore Jr a Police Report Incident Number or documentation of this incident.

24. At the above restaurant address, Defendant Burger King Corporation have video cameras at this location 1501 W 6th Street, Los Angeles, California, 90017.

25. Plaintiff and Cecil Elmore Jr made a compliant to Defendant Burger King Corporation Representative by phone call. The Defendant Burger King Corporation as promised did not call Plaintiff Gurkirn Hundal or Cecil Elmore Jr in regards to the direct damage that was caused to Plaintiff from the direct, intentionally, malicious, negligent unlawful acts of discrimination and violence to Plaintiff.

26. Defendant Burger King Company LLC; employee Defendant DOE 1 and Defendant DOE 2 violated 42 U.S. Code § 2000a(b)(2); 42 U.S. Code § 2000(a); 42 U.S. Code § 2000a-2b; 42 U.S. Code § 2000a-2c.

27. Defendant Burger King Company LLC, have a prior negative reputation of Defendant Burger King Company LLC, employees violent criminal acts conducted against customers at Burger King restaurants. In 2017 a Burger King employee pepper sprayed a pregnant woman. During this incident the pregnant woman reached the drive-thru and asked a question regarding her order, the Burger King restaurant employee threw her money back at her and then was pepper sprayed. In another incident a Burger King employee was arrested and accused of pointing a gun at customer while at Burger King restaurant drive-thru. On another occasion, a Miami-Dade Burger King employee was arrested for pulling out a gun and shot at the customer. In an article published February 17, 2023, a Burger King restaurant employee in Mississippi shoots a customer at the Burger King restaurants drive-thru. On March 30, 2023, in an article published a Burger King restaurant employee in

Ellenwood, Georgia, shot a customer over wrong sauce on the sandwich. On February 7, 2015, a man was fatally beaten at Burger King restaurant in Downtown Los Angeles area.

28.        From a direct result of Defendants Burger King Company LLC; DOE 1; DOE 2, aforementioned acts, they have caused damages to Plaintiff.

## V.   CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

VIOLATION TITLE II of the Civil Rights Act of 1964

42 U.S. CODE § 2000a(b)(2)

(AGAINST BURGER KING COMPANY LLC; DOE 1; DOE 2)

29.        Plaintiff incorporates by reference the allegations of paragraph 8 through 11; paragraphs 12 through 28 above, as if each such allegation was set forth herein.

30.        42 U.S. Code § 2000a(b)(2) provides that any restaurant engaged in selling food for consumption on the premises including, but not limited to, any such facility located on the premises of any retail establishments affecting interstate commerce or supported in their activities by State action is a place of public accommodation. Defendant Burger King Company, LP; this Burger King restaurant located at address 1501 W 6th Street, Los Angeles, California, 90017, is a public accommodation.

31.        Defendant Burger King Company LLC are the business that operate a Burger King restaurant at property address 1501 W 6th Street, Los Angeles, California, 90017.

32.        On September 26, 2022, at address 1501 W 6th Street, Los Angeles, California, 90017, Plaintiff Gurkirn Hundal and Cecil Elmore Jr were customers at the drive-thru of Defendant Burger King Company LLC restaurant. Plaintiff Gurkirn Hundal ordered food items from this fast food restaurant but was denied goods and services because of Plaintiff being Indian and the color of her skin. Plaintiff Gurkirn Hundal made an order of this restaurants food menu items and after this order was placed. Defendant Burger King Company LLC, employee, Defendant DOE 1 who is a Latinx female as she denied Plaintiff public accommodation of goods and services for the order that Plaintiff made. The Defendant Burger King Company LLC, employee Defendant DOE 1, employee on duty in uniform stated directly, intentionally, maliciously, to Plaintiff Gurkirn Hundal and Cecil

Elmore Jr "you ghetto niggers" "I'm not serving you dark skin people" which are racial discriminatory slurs and refused/denied Plaintiff and Cecil Elmore Jr the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of this restaurant. Defendant Burger King Company LLC, employee Defendant DOE 1 denied Plaintiff his menu order on the basis of Plaintiff Indian race. As this segregated Plaintiff as an Indian from being a customer to this restaurant.

33.      Plaintiff Gurkirn Hundal and Cecil Elmore Jr asked for food services and Defendant Burger King Corporation, employee Defendant DOE 1 who was on duty intentionally, maliciously, directly, denied Plaintiff Gurkirn Hundal goods and services at this public accommodation. Defendants Burger King Company LLC; DOE 1 with malice and hatred denied Plaintiff Gurkirn Hundal goods and services from Defendant Burger King Company LLC, fast food location because of Plaintiff Gurkirn Hundal being Indian and the color of her skin. Defendants Burger King Company LLC, Defendant DOE 1 intentionally, maliciously, directly, unlawfully discriminated against Plaintiff because of the color of her skin, as they denied Plaintiff based on her Indian skin color.

34.      While Defendants Burger King Company LLC; DOE 1 unlawfully discriminated against Plaintiff at this public accommodation restaurant and denied services. Defendant Burger King Company LLC, employee Defendant DOE 1 threw a Burger King restaurant receipt from the restaurant drive-thru window directly, intentionally, maliciously, and aggressively at Plaintiff Gurkirn Hundal and Cecil Elmore Jr and as they were sitting in the car with the window down. Defendant Burger King Company LLC employee Defendant DOE 1 stated discriminatory racial slurs by stating "you ghetto niggers" "I'm not serving you dark skin people" while denying Plaintiff restaurant services and goods of the menu items they had for sale.

35.      Defendant Burger King Company LLC; and their employees failed and intentionally, maliciously, directly, did not protect Plaintiff from being harmed from Defendant DOE 1. Defendant Burger King Company LLC, did not have any State of California licensed security personnel and/or guards on the premises of this location during this incident. Defendant Burger King Company LLC knew or should have known of the unlawful and dangerous acts that an employee can commit against a Plaintiff. Prior in the past, Defendant Burger King Company LLC employees have committed unlawful criminal acts against Plaintiffs on numerous Burger King restaurant locations.

36.     Defendant Burger King Company LLC, employee Defendant DOE 1 intimidated Plaintiff by verbally stating and threatening to withhold, deny, and deprive Plaintiff of Burger King restaurant goods and services. Defendant Burger King Company, LLC, employee Defendant DOE 1 threatened to use physical violence against Plaintiff for being an Indian customer of goods and services of this Burger King restaurant.

37.     Defendant Burger King Company LLC punished Plaintiff by intimidation and the force of throwing a receipt while denying her privileges, services, and goods from the menu items for sale of this Burger King restaurant. Defendant Burger King Company LLC punished Plaintiff for exercising and attempting to exercise her right as an Indian customer protected in a minority class, goods and services from this Burger King restaurant.

38.     Defendant Burger King Company LLC employee Defendant DOE 1 closed the drive-thru window and continuously denied Plaintiff Gurkirn Hundal restaurant services at this public accommodation. Defendant Burger King Company LLC, employee Defendant DOE 1 taunted and intimidated the Plaintiff by smiling with sinister meaning at her after Defendant DOE 1 denied services and goods. Defendant Burger King Company LLC did not and did not attempt to offer Plaintiff privileges, services and goods from the Burger King restaurant.

39.     Defendant Burger King Company LLC, employee Defendant DOE 1 and Defendant DOE 2 intentionally, maliciously, conspired to cause direct harm to Plaintiff while denying Plaintiff public accommodation to the full privileges of goods and services at this Burger King restaurant. Defendant DOE 1 and Defendant DOE 2 cooperatively, intentionally conspired and agreed to injure and harm Plaintiff in the free exercise and enjoyment of full privileges of goods and services at this Burger King restaurant. In the drive-thru window, both Defendant DOE 1 and Defendant DOE 2 while together, continuously refused and denied Plaintiff goods and services at this Burger King restaurant. Defendant DOE 1 and Defendant DOE 2 conspired and mutually agreed to have Defendant DOE 2 contact Los Angeles Police Department ("LAPD") to falsely report Plaintiff of criminal wrongdoing.

40.     Defendants Burger King Company LLC, employee Defendant DOE 2 in uniform and on duty, contacted in person Los Angeles Police Department, Sergent David E. Rich. Defendant Burger King Company LLC, employee told Los Angeles Police Department, Sergent David E. Rich defamatory, and untrue statements. Plaintiff is not trespassing, as Plaintiff was a Burger King restaurant customer.

41.      While Plaintiff Gurkirn Hundal and Cecil Elmore Jr were in the drive-thru, Los Angeles Police Department, Sergent David E. Rich, intentionally and directly told Plaintiff Gurkirn Hundal and Cecil Elmore Jr that Defendant Burger King Company LLC employee ran to him and stated Plaintiff and Cecil Elmore Jr were trespassing and committing unlawful acts as they would not leave address 1501 W 6th Street, Los Angeles, California, 90017.   Defendant Burger King Company LLC and their employee known as DOE who was on duty, in uniform unlawfully, negatively defamed Plaintiff Gurkirn Hundal and Cecil Elmore Jr character by stating that Plaintiff and Cecil Elmore Jr committed unlawful acts at the fast-food restaurant against Defendant Burger King Company LLC employees.   Plaintiff Gurkirn Hundal she did not commit any unlawful acts against Defendants Burger King Company and employees.   And Plaintiff also stated that Defendant Burger King Company employee Defendant DOE 1, stated discriminatory racial slurs against Plaintiff and Cecil Elmore Jr along with Defendant Burger King Company LLC, employee Defendant DOE 1 throwing a receipt at Plaintiff and Cecil Elmore Jr that had almost hit them.   During the Los Angeles Police Department, Sergent David E. Rich, interaction with Plaintiff and Cecil Elmore Jr this Sergent stated, "If I spit on you that's a battery. OK that's a battery."   This Los Angeles Police Department, Sergent I, David E. Rich, did not have a light signaling that his body camera was recording during this incident with Plaintiff and Cecil Elmore Jr.   Also, Los Angeles Police Department, Sergent David E. Rich, gave Plaintiff a Los Angeles Police Department card that stated "Sergent I David E. Rich, Rampart Area Patrol" with the Police Station that he works for at address 1401 W. 6th Street, Los Angeles, California, 90017.   Plaintiff and Cecil Elmore Jr were not given a Police Report number for this incident involving Defendant Burger King Company LLC, Defendant DOE 1 and Defendant DOE 2.

42.      After the incident were Plaintiff was harmed by Defendants Burger King Company LLC; DOE 1 and DOE 2, the Plaintiff called Defendant Burger King Company LLC customer service and reported in regards to Defendant Burger King Company LLC employee Defendant DOE 1 intentional, racial, discrimination and being denied goods and services because of the color of their skin.   During the duration of this phone call, Plaintiff explained how Defendant Burger King Company LLC, Defendant DOE 1 maliciously, intentionally, racially discriminated against and denied public accommodation of goods and services with force at this Burger King restaurant because of Plaintiff skin color.   The Defendant Burger King Company LLC representative on the phone gave Plaintiff a "Ticket Number 6560967," as this ticket number is supposed reference the complaint that Plaintiff made to Defendant Burger King Company LLC.   At the end of this phone call, Defendant Burger King

Company LLC representative stated that, a manager and/or supervisor in corporate will contact Plaintiff in twenty-four (24) hours in regards to this incident being reported. Plaintiff Gurkirn Hundal was never contacted by Defendant Burger King Company.

43.     Defendant Burger King Company LLC knew or should have known of the dangerous harm that could be done to Plaintiff based on this restaurant location crime rate.

44.     Majority of the employees in uniform performing work duties for Defendant Burger King Company LLC were Latinx.

45.     Defendant Burger King Company LLC did not prohibit or stop Defendant Burger King Company LLC, employee Defendant DOE 1 from harassing, racially discriminating and denying full privileges of goods and services at this Burger King restaurant to Plaintiff. Defendant Burger King Company LLC, and their employees did not prohibit and/or stop their employees from contacting Los Angeles Police Department, Sergent I David E. Rich, from responding to their untrue, defamatory statements against Plaintiff. Defendant Burger King Company LLC and employees did not witness Plaintiff commit any criminal unlawful acts at address 1501 W 6th Street, Los Angeles, California, 90017 on September 26, 2022.

46.     Defendants Burger King Company LLC negligently supervised the Defendant Burger King Company LLC employee Defendant DOE 1, as this employee was harassing, racially discriminating against and with the use of force denied goods and services to Plaintiff because she is Indian and the color of her skin. This Defendant Burger King Company LLC, employee Defendant DOE 1 was unfit to perform proper fast food employee duties for Plaintiff as this employee Defendant DOE 1 directly, intentionally, maliciously did not provide full privileges of goods and services at this Burger King restaurant. The Defendant Burger King Company, employee Defendant DOE 1 directly, intentionally, maliciously, and negligently did not perform the work duties for which she was hired for by Defendant Burger King Company LLC. Defendant Burger King Company LLC, knew or should have known that Defendant Burger King Company LLC, employee Defendant DOE 1 and employee, were unfit and incompetent which created this risk of Plaintiff being harmed by Defendant Burger King Company LLC and their employees involved. Defendant Burger King Company employees Defendant DOE 1 and DOE 2 unfitness and/or incompetence directly intentionally, maliciously, with hatred of racial discrimination with force caused Plaintiff harm. Defendant Burger King Company LLC negligence in hiring, supervising, or retaining the employee was a substantial factor in causing Plaintiff harm and damages.

47.    Defendants Burger King Company LLC; DOE 1; DOE 2 directly, intentionally, maliciously, with hatred, unlawfully, racially discriminated against Plaintiff for being Indian as a customer at Defendant Burger King Company LLC restaurant.  Defendant Burger King Company LLC have knowledge that Plaintiff Gurkirn Hundal is Indian with that relating to the color of her skin, and a customer at their fast-food restaurant address 1501 W 6th Street, Los Angeles, California, 90017.

48.    Defendants Burger King Company LLC; DOE 1 and DOE 2, directly and willfully, intentionally, maliciously denied Plaintiff full enjoyment of the accommodations, facilities, advantages, or privileges of this Burger King restaurant public accommodation, the right to purchase all services or products of a place of public accommodation, and the right to have access to the services and products of such a place in the same manner as all other customers.

49.    As a direct and proximate result of the aforesaid acts and omissions of the Defendants Burger King Company LLC; DOE 1; and DOE 2, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiff Gukirn Hundal rights as a customer and Burger King fast food restaurant which is a public accommodation for all persons in the United States of America regardless of customers race and color.  Said Defendants Burger King Company LLC; DOE 1 and DOE 2, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## SECOND CAUSE OF ACTION

VIOLATION  42 U.S. CODE § 2000a – 2a

PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHMENT FOR EXERCISING RIGHTS AND PRIVILEGES SECURED BY SECTION 2000a

(AGAINST BURGER KING COMPANY LLC; DOE 1; DOE 2)

50.    Plaintiff incorporates by reference the allegations of paragraphs of 8 through 11; paragraphs 12 through 28; paragraphs 30 through 48 above, as if each such allegation was set forth herein.

51.      Defendants Burger King Company LLC; employee Defendant DOE 1, intentionally, maliciously and directly with force intimidated and threatened Plaintiff with the intent to interfere with rights and privileges secured by Section 2000a.  Defendant Burger King Company LLC; employee Defendant DOE 1 punished Plaintiff, by denying rights and privileges secured by Section 2000a.  Defendant Burger King Company LLC; employee Defendant DOE 2 punished Plaintiff, by defaming Plaintiff to Los Angeles Police Department ("LAPD") and making a false report of trespassing to Los Angeles Police Department, Sergent I, David E. Rich.  Defendant Burger King Company LLC; employee Defendant DOE 1 punished Plaintiff for exercising rights and privileges secured by Section 42 U.S. Code § 2000a, by with force throwing a receipt with the intent to harm Plaintiff.  Defendant DOE 1 intimidated and punished Plaintiff for exercising his right and privilege secured by Section 2000a, by directly, intentionally, maliciously insulting with racial discriminatory slurs and calling Plaintiff "you ghetto niggers" "I'm not serving you dark skin people" with the intent to interfere with Plaintiff rights and privileges.

52.      Defendant Burger King Company LLC; employee Defendant DOE 1 willfully, directly, intentionally, and maliciously denied Plaintiff rights and privileges secured by Section 2000a.

53.      As a direct and proximate result of the aforesaid acts and omissions of the Defendants Burger King Company LLC; DOE 1; and DOE 2, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiff Gurkirn Hundal rights as a customer and Burger King fast food restaurant which is a public accommodation for all persons in the United States of America regardless of customers race and color.  Said Defendants Burger King Company LLC; DOE 1 and DOE 2, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**THIRD CAUSE OF ACTION**

VIOLATION  42 U.S. CODE § 2000a – 2b

PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHMENT FOR EXERCISING RIGHTS

AND PRIVILEGES SECURED BY SECTION 2000a

(AGAINST BURGER KING COMPANY LLC; DOE 1; DOE 2)

54.     Plaintiff incorporates by reference the allegations of paragraphs of 8 through 11; paragraphs 12 through 28; paragraphs 30 through 48; paragraphs 51 through 52 above, as if each such allegation was set forth herein.

55.     Defendants Burger King Company LLC; employee Defendant DOE 1 and employee Defendant DOE 2, intimidated Plaintiff, by falsely defaming Plaintiff character to Los Angeles Police Department ("LAPD"), Sergent I, David E. Rich, with false statements and report to officer of Plaintiff trespassing and criminal acts. Defendant Burger King Company LLC; employee Defendant DOE 1 intimidated and threatened with physical violence against Plaintiff with the purpose of interfering with Plaintiff rights and privileges secured by Section 2000a. Defendant Burger King Company LLC; employee Defendant DOE 1 and employee Defendant DOE 2 coerced Plaintiff to leave Burger King restaurant without goods and services of the menu items that Plaintiff ordered loosing her right or privilege secured by Section 2000a. Defendant Burger King Company LLC; employee Defendant DOE 1 and employee Defendant DOE 2 conspired to coerce Plaintiff by having LAPD, Sergent I, David E. Rich intentionally interfere with Plaintiff right and privilege secured by Section 2000a.

56.     Defendant Burger King Company LLC; employee Defendant DOE 1 threatened to physically harm Plaintiff with the purpose of interfering with rights and privileges secured by Section 2000a. Defendant Burger King Company LLC; employee Defendant DOE 1 threatened to throw Burger King restaurant receipt and did throw this Burger King restaurant receipt at Plaintiff with the intent to harm.

57.     As a direct and proximate result of the aforesaid acts and omissions of the Defendants Burger King Company LLC; DOE 1; and DOE 2, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiff Gurkirn Hundal rights as a customer and Burger King fast food restaurant which is a public

accommodation for all persons in the United States of America regardless of customers race and color.  Said Defendants Burger King Company LLC; DOE 1 and DOE 2, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FOURTH CAUSE OF ACTION

### VIOLATION  42 U.S. CODE § 2000a – 2c

### PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHMENT FOR EXERCISING RIGHTS AND PRIVILEGES SECURED BY SECTION 2000a

### (AGAINST BURGER KING COMPANY LLC; DOE 1; DOE 2)

58.     Plaintiff incorporates by reference the allegations of paragraphs 8 through 11; paragraphs 12 through 28; paragraphs 30 through 48; paragraphs 51 through 52; paragraphs 55 through 56 above, as if each such allegation was set forth herein.

59.     Defendant Burger King Company LLC; employee Defendant DOE 1 punished Plaintiff for exercising his right and privilege secured by Section 2000a, by Defendant DOE 1, stating racial discriminatory slurs against Plaintiff African American race by stating "you ghetto niggers," "I'm not serving you dark skin people," with force and physical violence throwing a Burger King restaurant receipt at Plaintiff, closing the drive-thru window and denying Plaintiff services.  Defendant DOE 2 punished Plaintiff for exercising rights and privilege secured by Section 2000a, by Defendant DOE 2 intentionally and maliciously giving a false defamatory LAPD statement with report to LAPD, Sergent I, David E. Rich with the intent to punish Plaintiff.

60.     As a direct and proximate result of the aforesaid acts and omissions of the Defendants Burger King Company LLC; DOE 1; DOE 2, Plaintiff Gurkirn Hundal suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Gurkirn Hundal to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiff Gurkirn Hundal rights as a customer and Burger King fast food restaurant which is a public accommodation for all persons in the United States of America regardless of customers race and color.  Said Defendants Burger King Company LLC; DOE 1 and DOE 2, conduct was willful, wanton, malicious, and oppressive, thereby justifying an

award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF CECIL ELMORE pray for relief and judgement as follows:

**On Counts One through Four against Defendants**

(1) For and Order enjoining Defendants from violating Federal Laws;

(2) For a Declaration that Defendants have violated Federal Laws;

(3) A Declaratory Judgement that the actions, conduct, and practices of Defendants complained herein violate Federal Laws;

(4) An Award of Damages against Defendants, in an amount to be determined at trial, plus prejudgment interests, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, and other benefits of employment;

(5) An Award of Damages against Defendants, in an amount to be determined at trial, plus prejudgment interests, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

(6) An Award of Punitive Damages, in an amount to be determined at trial;

(7) Prejudgment Interest on all amounts due;

(8) An Award of Costs that Plaintiff has occurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff reasonable attorney's fees and costs to the fullest extent permitted by Law;

(9) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

**PRESERVATION NOTICE**

The term "you," "your," or "yours" as used herein shall refer to you (the recipient of this letter), as well as to the respondents and any individuals responsible for the custody and control of the below information, including, but not limited to, those individuals' administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.  From this point forward, you are directed to prevent "spoliation," defined as altering, changing, updating, destroying (even if periodically), editing, or deleting any information set forth hereafter.  If you cause any such alteration, destruction, or change, direct it, or allow it to occur, you may be charged with discovery rule violations for which sanctions may be imposed.  Further, your failure to abide by this request could result in severe penalties against you and form the basis of legal claims for spoilation.

**ELECTONICALLY STORED INFORMAITON:**

In terms of electronically stored information, you are directed to prevent any destructive, alternative or other charge to any web pages, virtual profiles or identical (including, but not limited to, Facebook, Instagram, Pinterest, X formally Twitter, Tumblr, LinkedIn, Snapchat, Good Plus+, Flickr, Vine, About.me, ask.fm etc., or any other social media-based web profile or networking site account), emails, voice message, text messages, instant messages or messaging system, portable memory device, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, backup and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook), electronic spreadsheet files and file fragments, pertaining in any way to this controversy of the parties of any potential witnesses.  This includes a request that such information not be modified, altered, or deleted due to data compressed or disk fragmentation (or other optimization procedures), which processes you are herby directed to suspend until that date can be preserved, copied, and produced.

You are directed not to modify, alter, or delete or allow modifications, alterations, or deletions to be made to any electronically stored information.  You are further directed to preserve all, and not to destroy any, passwords, decryption productions (including, if necessary, the software to decrypt the files), network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any other

information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

PAPER INFORMATION:

Regarding the paper information, you are directed to preserve any emails, videos, texts, memos, reports, documents, notes, correspondence, photographs, investigative information, or other documents about the controversy, parties, or witnesses. I expect to obtain several documents and other data from you through discovery, including text messages, emails, photographs, and other information stored on computers, electronic devices, and telephones.

Although I may bring a motion with a court for order-preserving documents and other data from destructive or alteration, your obligation to preserve documents and other data for discovery, in this case, arises independently from any order on such motion. Electronic documents and the storage media, including but not limited to telephones on which they reside, contain relevant discoverable information beyond what my be found in printed documents. Therefore, even where a paper copy exists, I will likely seek all documents in their original, electronic form, along with metadata or information about those documents on the media. I will seek paper printouts of only those documents that contain unique information created after they were printed (e.g., paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions) and any paper documents for which no corresponding electronic files exist.

The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner they apply to other evidence. Due to its format, electronic information is quickly deleted, modified, or corrupted. Accordingly, the demand is made that you take every reasonable step to preserve this information until the final resolution of this matter. This may include, but not limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

Concerning electronic date created after this Complaint's delivery date, relevant evidence should not be destroyed. You must take the steps necessary to avoid the destruction of such evidence,

Dated: July 25, 2024

New York, New York

BY: _____

Gurkirn Hundal, Plaintiff

Pro Se

## DEMAND FOR INSURACNE COVERAGE

Defendants are demanded to provide a complete copy of their applicable insurance policies and declaration sheet demonstrating coverage within thirty (30) days of service of this Complaint.

Dated: July 25, 2024

New York, New York

BY: _____

Gurkirn Hundal, Plaintiff

Pro Se